THOMAS BARRETT, JR., AND FRANK H. BARRETT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 878, 879.	Promulgated January 5, 1927.

In the taxable year the petitioners received certain payments from a corporation of which they were stockholders, officers and executives. Such payments were accounted for as salaries. *Held,* that the payments in question were salaries or bonuses and were subject to normal tax and surtax.

*George M. Stanton, Esq.,* for the petitioners.
*P. M. Clark, Esq.,* for the respondent.

The Commissioner has asserted deficiencies in income taxes and surtaxes as to Thomas Barrett, Jr., for the fiscal years ended June 30, 1919, 1920, and 1921, and as to Frank H. Barrett for the fiscal years ended June 30, 1920 and 1921, in amounts not disclosed by the record. At the hearing counsel for the petitioners abandoned all contentions as to 1919 and 1920, leaving in controversy only the asserted deficiencies for 1921. Two issues are involved: (1) The nature of certain payments made to the petitioners by Barrett & Company, a corporation; and (2) whether each of the petitioners is entitled to deduct certain amounts from gross income as losses sustained during the taxable year. Counsel stipulated that the two proceedings should be consolidated for hearing and decision.

FINDINGS OF FACT.

The petitioners are individuals who resided in the State of Georgia during the taxable year and each was a stockholder, officer and executive of Barrett & Company, a corporation engaged in business

as a cotton factor. Throughout the year 1921, Thomas Barrett, Jr., owned 25 shares of the stock of that company, which he acquired on September 1, 1913, at a cost of $179.11 per share, and Frank H. Barrett owned 267 shares, which he acquired at various dates and costs, namely: 175 shares in 1912, at $100 per share; 9 shares on September 1, 1913, at $179.11 per share; and 83 shares on June 30, 1916, at $641.39 per share.

In the year 1921, Thomas Barrett, Jr., and Frank H. Barrett received from Barrett & Company the respective amounts of $25,000 and $50,000, which were charged into the profit and loss account of the company as salaries.

Barrett & Company was a going business concern in 1921 and in that year enjoyed its usual volume of transactions.

### OPINION.

LANSDON: There is no dispute that the payments in question were made.

The petitioners presented no evidence in support of their contention that the amounts received were either regular or liquidating dividends. The only witness called, the bookkeeper and secretary of Barrett & Company, testified that the payments were made and accounted for as salaries. On this point we approve the determination of the Commissioner.

The petitioners also contend that they are entitled to certain deductions from their respective gross incomes for the taxable year on account of losses sustained during such year. The deductions claimed are on account of losses alleged to have been sustained by reason of the stock of Barrett & Company and certain other corporations becoming worthless in the year 1921. Barrett & Company was a going business concern and handled a very large volume of its usual transactions during that period. The record contains no evidence that its stock or any other stock owned by the petitioners became worthless in 1921.

*Judgment will be rendered for the Commissioner after 15 days' notice, under Rule 50.*